IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00235-F-1
No. 5:15-CV-00560-F

| | | |
|---|---|---|
| COREY JONES, | ) | |
|       Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|       Respondent. | ) | |

Before the court are the following motions:

(1) the Government's Motion to Dismiss [DE-52] Corey Jones' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-45]; and
(2) Jones' Motion to Appoint Counsel [DE-56].

The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED, Jones' Motion to Vacate is DISMISSED, and his Motion to Appoint Counsel is DENIED.

### I. Factual and Procedural Background

On July 10, 2012, Jones was charged in a three-count indictment. *See* Indictment [DE-1]. In Count One, Jones was charged with conspiracy to distribute and possession with intent to distribute 280 grams or more of cocaine base (crack) and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. *See id.* Counts Two and Three charged Jones with distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See id.*

At Jones' arraignment, held on October 2, 2012, he pled guilty to Count One, pursuant to a written plea agreement [DE-21]. It was agreed that at sentencing, the Government would move

to dismiss Counts Two and Three. *Id.* at 5.

On February 20, 2013, the court held Jones' sentencing hearing and sentenced him to 324 months' imprisonment. *See* Judgment [DE-30]. Jones did not file a direct appeal.

Jones filed non-public correspondence [DE-43] with this court on September 16, 2015. In response, this court entered an order [DE-44] advising Jones that the appropriate avenue for him to challenge his sentence was a § 2255 motion. *Id.* at 1. The court provided Jones with the appropriate form and gave him twenty-eight days to file his motion on the correct form. *Id.*

On October 20, 2015, Jones filed his *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-45]. In his § 2255 motion, Jones alleges that the prosecution breached the plea agreement and his attorney provided ineffective assistance by allowing the court to use his protected statements against him at sentencing. *Id.* at 4. Next, Jones alleges that his sentence was illegal because his base offense level and the weapon enhancement were contrary to the intent of the U.S. Sentencing Commission. *Id.* at 5. Finally, Jones alleges that his sentence is supported by illegally-obtained evidence. *Id.* at 6.

The Government filed its Motion to Dismiss [DE-52] on January 5, 2016. In its motion, the Government argues that Jones' § 2255 motion is time-barred, and he has failed to state a claim upon which relief can be granted. The Government concludes that dismissal is in order pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the

2

motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

### III. Discussion

#### A. Motion to Vacate

**1. Jones' Motion to Vacate is time-barred.**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a § 2255 motion within one year of the latest of four triggering events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, judgment was entered on March 4, 2013, and became final fourteen days later, on March 18, 2013, when the time for filing a notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A). Jones had until March 18, 2014 to timely file a § 2255 motion. Jones' § 2255

3

motion is deemed filed on October 20, 2015,[1] more than a year and a half after the one-year statute of limitations expired. Thus, Jones' motion is untimely.

Jones argues that his motion is timely as a result of the Supreme Court's decision in *Wall v. Kholi*, 562 U.S. 545 (2011), and the Western District of North Carolina's decision in *Owens v. Corpening*, No. 2:14-CV-52-FDW, 2014 WL 7183014 (W.D.N.C. Dec. 15, 2014). Mot. Vacate [DE-45] at 10. *Wall* and *Owens* offer Jones no relief because both cases involve § 2254 motions filed by state prisoners who had initiated state post-conviction proceedings prior to pursuing federal habeas relief. With § 2254 cases, the one-year period of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This provision is not applicable to Jones's case where his first attempt to collaterally attack his sentence was the non-public correspondence [DE-43] received by the court on September 16, 2015.

Jones also argues that his motion is timely under this court's September 22, 2015 Order [DE-44]. Mot. Vacate [DE-45] at 10. In response to Jones' non-public correspondence, this court entered an order advising Jones that the appropriate mechanism for a post-conviction challenge was a § 2255 motion. Jones was sent the appropriate form and given twenty-eight days to file his motion on the proper form. While Jones submitted his post-conviction challenge on the proper form within the time allotted, he was not relieved from satisfying the AEDPA's statute of limitations. At best, Jones' compliance entitles him to the benefit of the filing date on which

---

[1] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings. Jones dated his signature on his § 2255 motion as October 20, 2015. Mot. Vacate [DE-45] at 12.

4

he filed his non-public correspondence with the court, September 13, 2015[2]. Even using this date, Jones' § 2255 motion remains approximately a year and a half late.

### 2. Jones is not entitled to equitable tolling.

Equitable tolling does not render Jones' motion timely. Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In particular, it is only appropriate where a movant shows (1) he diligently pursued his rights, and (2) some extraordinary circumstance prevented the timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (providing an otherwise time-barred movant must show (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing).

In this case, Jones does not allege, nor can the court discern, any basis for equitable tolling. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); *Rouse*, 339 F.3d at 248-50 (same); *Sosa*, 364 F.3d at 512 (ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy or *pro se* status does not toll the limitations period). Because Jones

---

[2] Jones' non-public correspondence is dated September 13, 2015. *See* Non-public correspondence [DE-43] at 1. As noted, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings.

has failed to demonstrate that he diligently pursued his rights and some extraordinary circumstances prevented him from making a timely filing, he is not entitled to equitable tolling of the AEDPA's one-year limitation period.

## B. Motion to Appoint Counsel

In his second and final motion before the court, Jones moves for appointed counsel. Mot. Appoint Counsel [DE-56] at 1. Jones represents that he requires appointed counsel because his legal advisor has been transferred. *Id.*

There is no constitutional right to counsel in § 2255 proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Williamson,* 706 F.3d 405, 416 (4th Cir. 2013). The court concludes that the interests of justice do not require appointment of counsel in this case. Consequently, Jones's Motion to Appoint Counsel [DE-56] is DENIED.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-52] is ALLOWED, Jones' Motion to Vacate [DE-45] is DISMISSED, and his Motion to Appoint Counsel [DE-56] is DENIED. The court finds that Jones has not made the requisite showing to support a certificate of appealability.[3] Therefore, a certificate of appealability is DENIED.

SO ORDERED.

---

[3] A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484-85.

This the 21 day of July, 2016.

                                                     _James C. Fox_
                                                     James C. Fox
                                                     Senior United States District Judge