IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-235-BO
No. 5:18-CV-554-BO

| | |
|---|---|
| COREY JONES,<br>    Petitioner, | )<br>)<br>)    O R D E R |
| v. | )<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>) |

This cause comes before the Court on petitioner's *pro se* motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. [DE 74]. The government has moved to dismiss the motion as an unauthorized second or successive § 2255 petition. [DE 80]. The matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss [DE 80] is GRANTED and petitioner's § 2255 motion [DE 74] is DISMISSED.

## BACKGROUND

In October 2012, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. [DE 20, 21]. In February 2013, Judge James C. Fox sentenced petitioner to 324 months' imprisonment, child support compliance monitoring, 5 years' supervised release, and a $100 special assessment. [DE 29, 30]. Petitioner did not notice an appeal.

In October 2015, petitioner filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. [DE 45]. In July 2016, the Court dismissed petitioner's first § 2255. [DE 57]. Petitioner appealed the dismissal and the Fourth Circuit dismissed his appeal. [DE 64, 65].

In November 2018, petitioner filed the instant motion to vacate his sentence under § 2255. [DE 74]. Petitioner alleges that the evidence against him was "fruit from a poisonous tree" because one of the investigating officers, Mr. David Cloutier, was allegedly fired from the Goldsboro police department in 2017 for mishandling evidence; that a two-year "tactical delay" in his case, from the time he was arrested on state charges to the time he was federally indicted, violated his due process rights; and that false statements made by government witnesses, who have since recanted, were used to coerce petitioner into making an unknowing plea. [DE 74; 75-1]. The government has moved to dismiss petitioner's § 2255 motion. [DE 80].

## DISCUSSION

The government argues that petitioner's § 2255 petition must be dismissed because it is an unauthorized successive petition. Federal habeas petitioners are generally permitted only one § 2255 motion. 28 U.S.C. § 2255(h). As such, under Federal Rule of Civil Procedure 12(b)(1), federal courts lack subject-matter jurisdiction to hear successive petitions. *United States v. Winestock*, 340 F.3d 200, 204–05 (4th Cir. 2003); *see also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999). There are, however, some exceptions. If the first petition was not decided on the merits, for example, the second petition is not improperly successive. *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000). Or if the second petition is based on the intervening vacatur of a conviction used to enhance the petitioner's sentence, it is not improperly successive. *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014).

Petitioner concedes that this is not his first habeas petition, but argues that § 2255(h) authorizes his instant second petition. § 2255(h) provides that a second or successive habeas petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be

2

sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

Because the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior motion to vacate, and that motion was dismissed on the merits, the instant motion to vacate is second or successive and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *Winestock*, 340 F.3d. at 207. The Fourth Circuit has not provided any authorization for petitioner to bring a second or successive habeas petition, and petitioner has not alleged that such authorization exists. Petitioner also does not allege that he fits any exception, other than § 2255(h), to the statutory bar on second or successive petitions. This Court is therefore without jurisdiction to consider petitioner's motion and, as such, it must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack*, 529 U.S. at 483–84; *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 petition debatable, a certificate of appealability is DENIED.

3

## CONCLUSION

For the above reasons, the government's motion to dismiss [DE 80] is GRANTED and petitioner's § 2255 motion [DE 74] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __7__ day of April, 2019.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE